# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/17/2021

March 17, 2021

**BY ECF**

Honorable Chief Judge Colleen McMahon
United States District Court for the Southern District of New York
United States Courthouse
500 Pearl Street, Room 2270
New York, New York 10007

Re: **United States v. Morris Wilson**
       **18 CR 203 (CM)**

3/17/2021 Application granted. Congratulations Mr. Wilson

**MEMO ENDORSED**

Dear Judge McMahon:

I write to request early termination of Mr. Wilson's supervised release, which is set to expire on November 13, 2021. Neither the Government nor probation objects to this request. On July 24, 2018, when the Court sentenced Mr. Wilson to 24 months in jail to be followed by two years of supervised release, the Court told Mr. Wilson to "do everything that the probation officer tells you to do, and you don't do anything the probation officer tells you that you can't do..." (Dkt. 20, Sentencing Transcript at p.14). Mr. Wilson took to heart the Court's words. While in custody, he completed extensive programming (CDL classes, parenting classes, writing classes) and worked as a cook and porter. Since his release, he has consistently held two jobs. He has been in full compliance with all the terms of his supervised release and probation has deemed him a "suitable candidate" for early termination.

**The Court should terminate supervision at this time.**

18 U.S.C. §3583(e) gives the Court authority to terminate supervision at any time after the expiration of one year, if such action is "warranted by the conduct of the defendant released and the interests of justice." Mr. Wilson's conduct since his release has been "exemplary" according to the probation department. No purpose would be served by further supervision, and the interests of justice warrant termination at this time.

Mr. Wilson has been steadily employed since even before his term of supervision began. While living at a halfway house, he worked at the Brooklyn Diner and at Krasdale Foods Warehouse. After completing his term at the halfway house, Mr. Wilson moved to Kissimmee, Florida with the permission of his probation officer. In Florida, Mr. Wilson worked as a sales associate at Citi Trends, a clothing store, and as a cook at Pizza Hut.

Attached as Exhibit A is a letter from Mr. Wilson's manager at Pizza Hut, James Rathbun. He writes as follows:

> He has been with the company for almost a year. In that time, I've witnessed a lot of growth and appreciate how much of an asset he has become to our store…Since the day I hired him he has always been a stand-up guy. Morris is a hard worker that is reliable, and very well mannered . . . See Exhibit A.

Mr. Wilson recently suffered a terrible loss. His aunt Lavenia Wilson, who raised him and was like a surrogate mother, passed away. In the aftermath of her death, Mr. Wilson decided to move back to New York City to be closer to his extended family. In her will, Ms. Wilson left her condominium, on East 60th street, to him. Mr. Wilson communicated extensively with his probation officers regarding his move, and is now living in his aunt's apartment.

Mr. Wilson looks forward to spending time with his daughter Marissa, who is 6 years old and lives in New Rochelle. While living in Florida, it was hard for Mr. Wilson to visit Marissa, especially during the pandemic. His other daughter, Chamore, who is 15 years old, lives in Fort Lauderdale, Florida. Mr. Wilson wants to be a good and involved parent to both his children: Early termination of supervision will allow him to easily travel between New York and Florida, so he can spend time with both his daughters, and reduce the work each visit generates for probation.

I have spoken with United States Probation Officers Shawnte Lorick and Robert Walsh. Officer Lorick informs me that Mr. Wilson "has done all he needed to" while on supervision. He is now on probation's low-intensity caseload. No further purpose would be served by continuing supervision. This comports with scientific studies that make clear: "shortening supervision terms for compliant offenders does not negatively affect public safety." See Exhibit B.

## Conclusion

In light of Mr. Wilson's exemplary compliance and steady employment, and without objection from probation or the Government, I ask the Court to terminate supervision pursuant to 18 U.S.C. §3853(e).

Respectfully submitted,

/s/

Jennifer L. Brown
Attorney-in-Charge
Federal Defenders of New York
(646) 763-1420

CC:  AUSA Dominic A. Gentile (By e-mail)
     AUSA Jacob E. Warren (By e-mail)
     USPO Robert Walsh (By e-mail)